IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00050-FDW

| | | |
|---|---|---|
| CHRISTOPHER LEE MICHELSON, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| VAN DUNCAN; STEPHEN COON, Asheville Police Detective; MARK GAGE, ATF Special Agent; RON MOORE, Buncombe County District Attorney; ROGER THEODORE SMITH, Buncombe County Attorney at Law, | ) ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.

According to Plaintiff's complaint, on or about July 31, 2015, he was detained in the Buncombe County Jail. On March 20, 2016, Plaintiff claims he was assaulted after an unnamed deputy sheriff ordered a hit on his life. Plaintiff contends he spoke with Defendants Gage and Coon while in the Buncombe County Jail on September 11, 2015, and informed them that he believed his life was in grave danger. Apparently, Plaintiff's attorney, Defendant Smith, accompanied him to a hearing in district court on an undisclosed date to address the perceived threat. Following the hearing, Plaintiff believed that he would be moved for his safety; however it appears that he was not moved prior to the attack.

1

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

To be sure, the Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jiminez-Nettleship, 842 F.2d 556, 558 (1st Cir.), cert. denied, 488 U.S.C. 823 (1988)). To establish a claim under § 1983 for failure to protect from violence, an inmate must show; (1) "serious or significant physical or emotional injury resulting from the challenged conditions," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)); and (2) that the prison

official has a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. Simply put, in order to succeed on a claim of deliberate indifference to Plaintiff's safety, Plaintiff must show that the Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety, were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and drew that inference. Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) (citing Farmer, 511 U.S. 825 at 837).

Plaintiff's complaint fails to state a claim for relief. First, assuming Plaintiff did inform Defendants Gage and Coon that he believed he was in danger that was seven months before he was apparently assaulted. Second, Plaintiff does not identify the deputy sheriff that allegedly ordered a hit on him by name. Third, Defendants Gage and Coon have no responsibility regarding Plaintiff's housing within the Buncombe County Jail as that is the exclusive province of Van Duncan, who is the present sheriff of Buncombe County. Finally, Plaintiff fails to fairly allege any facts against Defendants Smith or Moore that could support a § 1983 claim. Moreover, private attorneys are not state actors and are therefore not amendable to suit in a § 1983 proceeding, see Polk Cnty. v. Dodson, 454 U.S. 312 (1981); and district attorneys are immune from suit in a § 1983 proceeding. Imbler v. Pachtman, 424 U.S. 409, 431 (1976).

Based on the foregoing, the Court finds that Plaintiff's complaint should be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE**, **ORDERED** that Plaintiff's application to proceed in forma pauperis is **GRANTED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: February 27, 2017

Frank D. Whitney
Chief United States District Judge