UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-50-FDW

| | |
|---|---|
| CHRISTOPHER LEE MICHELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| VAN DUNCAN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration, (Doc. No. 6), filed on March 7, 2017. Liberally construing Plaintiff's pro se pleading, he appears to seek reconsideration of the Order dismissing the Complaint as well as leave to file an amended complaint.

First, Plaintiff's motion for reconsideration will be denied. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e)

1

motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed the Complaint, nor does the motion stem from an intervening change in the applicable law. Furthermore, the Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice. See Hill, 277 F.3d at 708. In sum, the Court will deny the Plaintiff's motion for reconsideration.

Second, in order to amend his complaint, Plaintiff may not simply add allegations to his already existing complaint as he attempts to do here. Rather, he must submit a proposed amended complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue. That is, a plaintiff may not amend his complaint in piecemeal fashion. Once Plaintiff amends his complaint, the original complaint will be superseded, meaning that if an amended complaint omits claims raised in the original complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). The amended complaint must be submitted on the form that will be supplied with this Order and set forth a "short and plain" statement of the claims. See Fed. R. Civ. P. 8(a)(2).

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion for Reconsideration and for Leave to File an Amended Complaint, (Doc. No. 6), is **DENIED,** however, this denial is with permission to refile his motion for leave to amend along with a proposed amended complaint in accordance with this

Order.

(2) The Clerk of this Court is respectfully directed to mail Plaintiff a new Section 1983 complaint form.

Signed: July 20, 2017

Frank D. Whitney
Chief United States District Judge

3