CHRISTOPHER LEE MICHELSON,     )
                                         )
              **Plaintiff,**     )
                                         )
vs.                                   )         **ORDER**
                                         )
VAN DUNCAN, et al.,            )
                                         )
          **Defendants.**     )
_____)

**THIS MATTER** is before the Court on Plaintiff's Motion for leave to file an amended complaint, (Doc. No. 15), and Motion for reconsideration of the denial of his request for the appointment of counsel, (Doc. No. 16).

First, Plaintiff's motion to amend will be granted. A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Plaintiff is granted leave to amend pursuant to Rule 15(a)(2) because no defendant has yet been served, it does not appear that amending is futile, and no bad faith or prejudice is apparent.

See, e.g., Sciolino v. City of Newport News, Va., 480 F.3d 642, 651 (4th Cir. 2007) (district court abused its discretion by denying plaintiff's motion to amend his complaint where there was no reason that allowing him to amend would have prejudiced the defendant, there was no evidence of bad faith, and amendment would not be futile). Thus, the motion to amend is granted and the proposed Amended Complaint that is attached to Plaintiff's Motion to amend, (Doc. No. 15), will be screened in a separate order.

Second, Plaintiff's motion for reconsideration will be denied. The United States Court of Appeals for the Fourth Circuit has stated as follows with regard to motions to alter or amend a judgment under Rule 59(e):

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)).

"Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. The circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

On July 15, 2017, Plaintiff filed a motion for the appointment of counsel in which he alleged he could not afford a lawyer, he suffers from many unknown mental disorders, he was found mentally incompetent in 2012 or 2013, and he feels he is incompetent to proceed *pro se* in this case. (Doc. No. 11). The Court denied the motion on July 21, 2017, in an Order that explained

there is no absolute right to the appointment of counsel and that Plaintiff had failed to demonstrate the existence of exceptional circumstances. (Id.).

In the instant Motion for Reconsideration, Plaintiff reiterates his arguments that exceptional circumstances warrant the appointment of counsel in this case, and argues that he has been turned down by lawyers six times because the case involves law enforcement officers. Despite his alleged infirmities, the record indicates that Plaintiff has been able to litigate this case, including a recently-concluded appeal, and an amended complaint. See (Doc. Nos. 15, 18). Plaintiff has failed to satisfy Rule 59 and his motion for reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for leave to file an Amended Complaint, (Doc. No. 15), is **GRANTED**.

2. Plaintiff's Motion for Reconsideration, (Doc. No. 16), is **DENIED**.

3. The Clerk of Court is instructed to re-open this case.

Signed: February 26, 2018

Frank D. Whitney
Chief United States District Judge