UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-50-FDW

| CHRISTOPHER LEE MICHELSON, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| VAN DUNCAN, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, (Doc. No. 15). Plaintiff has moved to proceed *in forma pauperis*. See (Doc. No. 2).

**I.     BACKGROUND**

*Pro se* Plaintiff Christopher Lee Michelson has filed a civil rights suit pursuant to 42 U.S.C. § 1983 with regards to incidents that allegedly occurred at the Lanesboro Correctional Institution. The Amended Complaint is presently before the Court for initial review. Plaintiff names the following as Defendants: Federal Bureau of Alcohol, Tobacco, and Firearms Agent Mark Gage; Asheville Police Department Detective Stephen Coon; and Asheville Police Department Sergeant Mike Lamb.

Construing the Amended Compliant liberally and accepting the allegations as true, Plaintiff was acting as a confidential informant for Defendants when he accompanied them on a ride on July 31, 2015. The purpose of the ride was to identify several homes in which crime suspect Corey Mapp resided in Asheville. Mapp happened to be standing outside when Plaintiff and Defendants drove through the Hillcrest neighborhood. Several hours later, Plaintiff placed recorded phone calls to Mapp at the Defendants' behest, through which they obtained "some crucial evidence" that

1

was sufficient to place Mapp in jail. (Doc. No. 15 at 3). Defendants Gage, Coon and Lamb were all aware that Mapp is "extremely dangerous." (Id.).

Defendants should have considered placing Plaintiff in a different facility. Their failure to do shocks the conscience by exposing Plaintiff to unnecessary risk of harm in violation of the Eighth Amendment. Defendants also failed to protect Plaintiff when he was placed in the general population. On September 11, 2015, Plaintiff asked to see Defendants Gage and Coon because another inmate, "Red," told him that Mapp's cousin, who works in the jail, was saying Plaintiff is a "snitch." (Doc. No. 15 at 4).

Defendants Gage and Coon's failure to protect Plaintiff resulted in his "brutal[] assault[]" on March 20, 2016. (Doc. No. 15 at 4).

Plaintiff seeks damages, a jury trial, and the destruction of all information that law enforcement gained through his work as an informant.

**II. STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to

relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III.    DISCUSSION**

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotations omitted). To obtain relief under § 1983 on a claim of failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury" resulting from that

failure; and (2) the prison officials had a "sufficiently culpable state of mind," which in this context is deliberate indifference. Farmer, 511 U.S. at 834. A prison official is "deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] 'knows and disregards' the risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (quoting Farmer, 511 U.S. at 837). "It is not enough to prove that the official should have known of the risk; instead, 'the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he should draw the inference.'" Kartman v. Markle, 582 Fed. Appx. 151, 153 (2014) (quoting Farmer, 511 U.S. at 837). A showing of negligence does not rise to the level of deliberate indifference. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

A prison official's subjective actual knowledge can be proven through circumstantial evidence, for example, that the "substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it." Farmer, 511 U.S. at 842. Direct evidence of actual knowledge is not required. Id. A prison official cannot escape liability for deliberate indifference by showing that, "while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." Id. at 843. The question is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health… and it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." Id. However, because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment, it remains

4

open to the officials to prove that they were unaware of an obvious risk to inmate health or safety. For example, they may show "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Farmer, 511 U.S. at 844. In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, "even if the harm was not averted" because a prison official's duty is to ensure "reasonable safety." Id. (quoting Helling v. McKinney, 509 U.S. 25, 33 (1993)). This standard "incorporates due regard for prison officials' 'unenviable task of keeping dangerous men in safe custody under humane conditions.'" Id. (quoting Spain v. Procunier, 600 F.2d 189, 193 (9th Cir. 1979) (Kennedy, J.). Absent successful rebuttal, prison officials may be held liable for obvious risks they must have known. Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015) (citing Farmer, 511 U.S. at 842).

Plaintiff alleges the Defendants were deliberately indifferent to his safety by failing to move him to another facility or, at least, remove him from the general population, even though they knew that the dangerous criminal who he helped them investigate, had identified him as a snitch.

This claim states a facially sufficient Eighth Amendment claim and is not plainly frivolous. Therefore, the Amended Complaint has passed initial review and service will be ordered on all three Defendants.

### IV.    CONCLUSION

For the reasons stated herein, the Amended Complaint will proceed on Plaintiff's claim of

Eighth Amendment failure to protect against all three Defendants.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 15), survives initial review under 28 U.S.C. § 1915 with regards to Defendants Gage, Coon, and Lamb.

2. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendants. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

Signed: February 26, 2018

Frank D. Whitney
Chief United States District Judge