# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 1:17-cv-50-FDW

| | |
|---|---|
| CHRISTOPHER LEE MICHELSON, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **ORDER**<br>) |
| VAN DUNCAN, et al., | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Plaintiff's *pro se* "Motion for Additional Response and Evidence to Defendant's Motion Motion [sic] to Dismiss of Stephen Coon and Michael Lamb," (Doc. No. 32); "Motion for Plaintiff's Third Response to Defendant's Motion to Dismiss of Stephen Coon and Michael Lamb," (Doc. No. 34); "Motion for Inquiry," (Doc. No. 35); and "Motion to Declare Judgment by Default Against Defendant Mark Gage in the Above Styled Case," (Doc. No. 36).

The incarcerated Plaintiff filed a *pro se* civil rights suit pursuant to 42 U.S.C. § 1983 with regards to incidents that allegedly occurred at the Lanesboro Correctional Institution. The Amended Complaint passed initial review on claims against Federal Bureau of Alcohol, Tobacco, and Firearms Agent Mark Gage, Asheville Police Department Detective Stephen Coon, and Asheville Police Department Sergeant Mike Lamb. (Doc. No. 20). Summonses personally serving all three Defendants were returned executed on April 2, 2018. (Doc. No. 23). A summons was issued to the United States Attorney and United States Attorney General on May 3, 2018, and it was returned as executed on May 3, 2018. (Doc. Nos. 29, 33). Meanwhile, Defendants Coon and Lamb filed an Answer and Motion to Dismiss on April 30, 2018. (Doc. No. 28). Plaintiff filed a

1

Response to the Motion to Dismiss incorporated in Defendant Coon and Lamb's Answer. (Doc. No. 30).

Plaintiff's pending "Motion for Additional Response…." (Doc. No. 32), and "Motion for Plaintiff's Third Response," (Doc. No. 34), both address the Motion to Dismiss that is incorporated in Defendant Coon and Lamb's Answer. He asks the Court to consider his evidence and grant him a jury trial. These Motions are denied because, pursuant to Local Rule 7.1(c)(1), motions to dismiss that are incorporated in answers "are deemed to be made merely to preserve the issue and will not be addressed by the Court." If the Defendants file a separate motion to dismiss in future, Plaintiff will have the opportunity to respond.

In the pending "Motion for Inquiry," (Doc. No. 35), Plaintiff asks the Court why it served a summons on the Attorney General almost two months after Agent Mark Gage was served personally. In his "Motion to Declare Judgment by Default," (Doc. No. 36), Plaintiff seeks the entry of default judgment against Defendant Gage because he failed to file an answer within 60 days after he was personally served.

The "Motion for Inquiry" is granted insofar as Plaintiff is hereby informed that Rule 4(i)(3) of the Federal Rules of Civil Procedure requires personal service as well as service on the United States when an United States officer or employee is "sued in an individual capacity for an act or omission occurring in conjunction with the duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity)…." The United States was served on May 3, 2018, so Defendant Gage's answer is due on July 2, 2018. See (Doc. No. 33). Defendant Gage's deadline for filing an answer has not expired, and therefore, Plaintiff's Motion seeking default judgment against him will be denied.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's "Motion for Additional Response…," (Doc. No. 32), and "Motion for Plaintiff's Third Response…" are **DENIED** as premature.

(2) Plaintiff's "Motion for Inquiry," (Doc. No. 35), is **GRANTED** as stated in this Order;

(3) Plaintiff's "Motion to Declare Judgment by Default Against Defendant Mark Gage…," (Doc. No. 36), is **DENIED**.

Signed: June 12, 2018

Frank D. Whitney
Chief United States District Judge