UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:17-cv-50-FDW

| | |
|---|---|
| CHRISTOPHER LEE MICHELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| VAN DUNCAN, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendant Mark Gage's Motion to Dismiss, (Doc. No. 42), and on multiple motions filed by *pro se* Plaintiff, (Doc. Nos. 40, 41, 47, 52, 53, 54, 59, 60, 61, 66, 71, 72, 73, 74, 75, 78, 81, 82, 83, 88, 89, 90, 91, 100, 102, 105).

### I. BACKGROUND

The incarcerated Plaintiff filed a *pro se* civil rights suit pursuant to 42 U.S.C. § 1983 with regards to incidents that allegedly occurred at the Lanesboro Correctional Institution. The Amended Complaint passed initial review on claims against Federal Bureau of Alcohol, Tobacco, and Firearms Agent Mark Gage, Asheville Police Department Detective Stephen Coon, and Asheville Police Department Sergeant Mike Lamb. (Doc. No. 20). Summonses personally serving all three Defendants were returned executed on April 2, 2018. (Doc. No. 23). A summons was issued to the United States Attorney and United States Attorney General on May 3, 2018, and it was returned as executed on May 3, 2018. (Doc. Nos. 29, 33).

Meanwhile, Defendants Coon and Lamb filed an Answer and Motion to Dismiss on April 30, 2018. (Doc. No. 28). Plaintiff filed a Response to the Motion to Dismiss incorporated in Defendant Coon and Lamb's Answer. (Doc. No. 30).

1

On July 2, 2018, Defendant Gage filed the instant Motion to Dismiss. (Doc. No. 42). The Court informed Plaintiff of the importance of responding to the Motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on July 9, 2018, (Doc. No. 45), and Plaintiff has filed a Response, (Doc. No. 51).

The Court has entered a Pretrial Scheduling Order under which discovery closes on November 2, 2018, and dispositive motions are due by December 3, 2018. (Doc. No. 46).

**II. MOTION TO DISMISS**

**(1) Pleadings**

**(A) Amended Complaint (Doc. No. 15)**

Plaintiff filed this § 1983 civil rights suit with regards to incidents that allegedly occurred at the Lanesboro Correctional Institution. He named as Defendants Federal Bureau of Alcohol, Tobacco, and Firearms Agent Mark Gage; Asheville Police Department Detective Stephen Coon; and Asheville Police Department Sergeant Mike Lamb. Plaintiff claims that he was acting as a confidential informant for Defendants when he accompanied them on a ride on July 31, 2015. The purpose of the ride was to identify several homes in which crime suspect Corey Mapp resided in Asheville. Mapp happened to be standing outside when Plaintiff and Defendants drove through the Hillcrest neighborhood. Several hours later, Plaintiff placed recorded phone calls to Mapp at the Defendants' behest, through which they obtained "some crucial evidence" that was sufficient to place Mapp in jail. (Doc. No. 15 at 3). Defendants Gage, Coon and Lamb were all aware that Mapp is "extremely dangerous." (Id.).

Defendants should have considered placing Plaintiff in a different facility. Their failure to do shocks the conscience by exposing Plaintiff to unnecessary risk of harm in violation of the Eighth Amendment. Defendants also failed to protect Plaintiff when he was placed in the general

2

population. On September 11, 2015, Plaintiff asked to see Defendants Gage and Coon because another inmate, "Red," told him that Mapp's cousin, who works in the jail, was saying Plaintiff is a "snitch." (Doc. No. 15 at 4).

Defendants Gage and Coon's failure to protect Plaintiff resulted in his "brutal[] assault[]" on March 20, 2016. (Doc. No. 15 at 4).

Plaintiff seeks damages, a jury trial, and the destruction of all information that law enforcement gained through his work as an informant.

**(B)** **Defendant Gage's Motion to Dismiss** (Doc. No. 42).

Defendant Gage argues that the claims against him should be dismissed with prejudice. First, he argues that the Court should decline to imply an individual capacity claim against Defendant Gage form money damages, and that it should not recognize a Bivens[1] claim against Defendant Gage, a federal law enforcement officer, for failure to intervene in the conditions of Plaintiff's state incarceration. Even if the Court implied a Bivens remedy, Defendant Gage is entitled to qualified immunity because Plaintiff failed to allege that Defendant Gage violated any Eighth Amendment rights, much less a clearly established constitutional right with regards to the circumstances surrounding Plaintiff's incarceration in the Buncombe County Jail seven months after he had his last contact with Defendant Gage. To the extent Plaintiff is alleging an official capacity claim against Defendant Gage, it should be dismissed because Plaintiff has failed to establish a waiver of sovereign immunity or any basis for relief.

**(C)** **Plaintiff's Response** (Doc. No. 51)

In his Response to Defendant Gage's Motion to Dismiss, Plaintiff reiterates his claim for

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 288 (1971).

failure to protect. He argues that qualified immunity does not apply because Defendant Gage showed absolutely no concern for the danger Plaintiff faced and that Gage failed to prevent.

### (D) Defendant Gage's Reply (Doc. No. 57)

None of the cases that Plaintiff has cited establish a Bivens cause of action on the facts of this case by establishing the duty on the part of a federal law enforcement officer to protect a state criminal in state custody.

### (E) Plaintiff's Motion to Withdraw (Doc. No. 52)

Plaintiff seeks to withdraw the part of his Complaint that seeks the destruction of information that law enforcement officers obtained from him through his work as an informant.

### (F) Defendant Gage's Response (Doc. No. 56)

Defendant Gage notes that Plaintiff was never a confidential informant. Rather, he was a cooperating suspect who agreed to assist investigators in hopes of receiving some favorable consideration in the resolution of his state criminal charges. To the extent Plaintiff sought expungement of the federal investigative records, the official capacity suit should be dismissed with prejudice because he has failed to establish the waiver of sovereign immunity. Therefore, Plaintiff's withdrawal of this claim should be granted with prejudice.

### (G) Plaintiff's Reply (Doc. No. 70)

Plaintiff reiterates his claim that Defendant Gage's inaction nearly resulted in Plaintiff's death which, he asserts, is a clearly established constitutional violation. He argues that the only reason he withdrew the claim to destroy evidence is that the state attorney immediately moved Plaintiff to another facility for "safe keeping" and did not want to blame the state for Defendant Gage's failure to protect. (Doc. No. 70 at 2). Plaintiff appears to withdraw any claim against Defendant Gage in his official capacity and seeks to proceed against Defendant Gage in his

individual capacity.

**(2)** <u>**Standard of Review**</u>

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," <u>Republican Party v. Martin</u>, 980 F.2d 943, 952 (4th Cir.1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc.</u>, 591 F.3d 250, 255 (4th Cir. 2009). Nor does a court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n. 26 (4th Cir. 2009).

**(3)** <u>**Discussion**</u>

As a preliminary matter, Plaintiff's motion to withdraw his official capacity claim against Defendant Gage will be granted. Plaintiff appears to assert that he never intended to proceed against Defendant Gage in his official capacity and withdraws his claim for the destruction of information that he provided to Defendant Gage. Even if Plaintiff had not withdrawn this claim, Defendant Gage would be entitled to dismissal of that claim with prejudice on the basis of sovereign immunity. Therefore, Plaintiff's Motion to Withdraw will be granted and Defendant Gage's Motion to Dismiss the official-capacity claim against him will be granted with prejudice.

With regards to the Plaintiff's claim against Defendant Gage in his individual capacity for the failure to protect, Defendant Gage argues that Plaintiff has failed to state the elements of a Bivens claim and, alternatively, that he is entitled to qualified immunity.

Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. To state a *prima facie* case for monetary damages under Bivens, a plaintiff is required to establish that the defendant violated a federal constitutional right that was clearly established and that the defendant was a federal actor under color of federal law, and that the defendant was personally involved in the alleged violation. A Bivens cause of action may be defeated in two situations: (1) when defendants demonstrate "special factors counselling hesitation in the absence of affirmative action by Congress," and (2) when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective. Bivens, 403 U.S. at 396; Davis v. Passman, 442 U.S. 228, 245 (1979).

In Bivens, the Court implied a private right of action under the Fourth Amendment for an unreasonable search and seizure claim against FBI agents for handcuffing a man in his home without a warrant. Since then, the Supreme Court has recognized Bivens claims in only two other circumstances: (1) under the Fifth Amendment's Due Process Clause for gender discrimination against a Congressman for firing his female secretary, Davis, 442 U.S. 228; and (2) under the Eighth Amendment's prohibition against cruel and unusual punishment against prison officials for failing to treat a federal inmate's asthma, which led to his death Carlson v. Green, 446 U.S. 14 (1980). The Supreme Court has recently re-emphasized that the courts should not imply rights and remedies as a matter of course "no matter how desirable that might be as a policy matter, or how

compatible with the statute [or constitutional provision]." Ziglar v. Abbasi, 137 S.Ct. 1843, 1856 (2017). The Court has made clear that "expanding the Bivens remedy is now a 'disfavored' judicial activity." Id. at 1857 (quoting Iqbal, 556 U.S. at 675). Now the *only* recognized implied rights of action are the narrow situations presented in Bivens, Davis, and Carlson. Even though the Supreme Court has recognized causes of action under the Fourth Amendment in Bivens, the Fifth Amendment in Davis, and the Eighth Amendment in Carlson, "those cases do not guarantee that any cause of action may lie under those amendment." Sanford v. Bruno, 2018 WL 2198759 at *4 (E.D.N.Y. May 14, 2018).

Defendant Gage argues that Plaintiff presents a new Bivens context, *i.e.*, that a federal law enforcement officer has the duty to intervene in the conditions of state custody in response to a general concern for a state prisoner's personal safety. He argues that Plaintiff's case is different in a meaningful way from prior Bivens cases decided by the Supreme Court, see Abbasi, 137 S.Ct. at 1864, in that: (1) this case involves a federal law enforcement officer rather than prison correctional officer; (2) the case involves a state confinement facility rather than a federal prison; (3) Plaintiff is a state defendant rather than federal defendant; (4) the alleged failure to intervene occurred seven months before an attack by an unknown assailant rather than failure to provide medical treatment against medical advice to a person known to have chronic asthma after he had a life-threatening asthma attack. Defendant Gage argues that Plaintiff seeks to extend Carlson to a totally new context and that the following special factors counsel hesitation in implying a new cause of action: (1) separation of powers concerns raised by legislative action in the area of prisoner life without providing for a damages remedy; (2) federalism concerns with a federal official attempting to dictate conditions of confinement for a state inmate; (3) congress has legislated regarding state conditions of incarceration, Civil Rights of Institutionalized Persons Act

7

(CRIPA, 42 U.S.C. § 1997c(a)(1)) and chose not to entrust individual federal law enforcement officers with authority to take action in state correctional institutions, but rather, empowering the Attorney General with the authority to redress serious and pervasive patterns of institutional abuses in state facilities; (4) systemwide costs and burden on govt imposed by the creation of a remedy, particularly for state prison decisions; (5) harmful effect of creating a remedy on the discharge of official duties in the prison disciplinary context; (6) availability of alternative remedies including state tort law; (7) harmful effect of expanding <u>Bivens</u> on the discharge of official duties by law enforcement officers engaged in state investigations/prosecutions; and (8) the challenges prison administrators and officers face in maintaining prison security.

Applying the Supreme Court's rigorous inquiry, the Court concludes that a <u>Bivens</u> cause of action will not be implied. First, the Court agrees with Defendant Gage that the instant case arises in a new <u>Bivens</u> context. This case is different in a meaningful way from previous <u>Bivens</u> cases decided by the Supreme Court. In <u>Carlson</u>, the Supreme Court implied a <u>Bivens</u> cause of action in the context of a federal prisoner's Eighth Amendment deliberate indifference claim against federal prison officials. In the instant case, by contrast, Plaintiff attempts to state an Eighth Amendment failure to protect him from a physical attack rather than medical deliberate indifference, and he is a state prisoner rather than a federal inmate. These factual differences are meaningful enough to make the context a new one. <u>See</u> <u>generally</u> <u>Ziglar</u>, 137 S.Ct. at 1860 (providing a list of examples where a case might differ in a meaningful way, including: "the rank of officers involved; the constitutional right at issue; the generality or specificity of official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence

of potential specific factors that previous Bivens cases did not consider."). For instance, in Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001), the Court found that an Eighth Amendment suit against a private prison operator is a different context than Carlson even though the right and mechanism of injury were the same. See also Minneci v. Pollard, 565 U.S. 118 (2012) (declining to imply an Eighth Amendment suit against prison guards at a private prison).

Second, several factors counsel hesitation in implying a new Bivens cause of action. Plaintiff can challenge the conditions of his confinement via the state prisons' administrative remedy procedure, and he can seek injunctive relief damages for his alleged injuries via § 1983. Defendant Gage has also identified a number of federalism, separation of powers, and practical considerations that counsel hesitation in implying a new Bivens cause of action.

Based on the foregoing, the Court finds that there is no Bivens claim against Defendant Gage and he will be dismissed from this action.[2] See, e.g., Sanford, 2018 WL 2198759 (dismissing former federal prisoner's claims that his procedural and substantive due process rights were violated when he was held in a custodial facility instead of a halfway house for 161 days).

### III. PENDING MOTIONS

Plaintiff has filed a number of motions that are largely repetitive of each other and of motions that have already been disposed of. They will be grouped into categories based on the type of relief sought.[3]

**(1)** **Appointment of Counsel**

Plaintiff previously moved for the appointment of counsel because he cannot afford a

---

[2] Defendant Gage's alternative argument that he is entitled to qualified immunity will not be separately addressed in the interest of judicial economy.

[3] To the extent that any sub-claim or argument is not specifically addressed in this Order, the relief Plaintiff seeks is denied.

lawyer, suffers from many unknown mental disorders, was found incompetent for purposes of a Medicaid hearing in 2012 or 2013, and feels he is incompetent to proceed *pro se* in this case. (Doc. No. 11). The Court denied relief because Plaintiff failed to present exceptional circumstances justifying the appointment of counsel. (Doc. No. 13). The Court also denied reconsideration. See (Doc. Nos. 16, 19).

Plaintiff has now filed additional motions seeking the appointment of counsel, arguing that he does not have sufficient access to a law library or a trained law clerk, he does not understand the pretrial plan or discovery procedures, is ignorant of the law governing <u>Bivens</u> actions, and a lawyer is needed to investigate and present evidence. (**Doc. Nos. 59, 75, 83, 90, 91, 102, 105**). He has also filed a "Motion for Certificate of Service for Previously Filed 'Memorandum for Appointment of Counsel'" in which he asks the Court to accept his signed certificate of service. **(Doc. No. 74)**.

As a preliminary matter, Plaintiff's request that the Court accept his signed certificate of service, (Doc. No. 74), will be granted.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff seeks the appointment of counsel but, contrary to his assertions, none of the circumstances he has identified are exceptional. Therefore, the Motions seeking the appointment of counsel will be denied. Plaintiff is admonished to stop filing duplicative motions. Repetitive and duplicative filings detract from potentially meritorious issues and unnecessarily burden the Court.

**(2)    Default Judgment**

Plaintiff previously argued that default judgment should be entered in his favor because Defendant Gage failed to file an answer within 60 days after he was served. (Doc. No. 36).

The Plaintiff presently asks the Court to reconsider the prior denial of his motion for default judgment. **(Doc. Nos. 47, 61).** He has filed additional motions seeking default judgment reiterating his claim that Defendant Gage failed to answer the Amended Complaint within 60 days of service. He argues that it was Defendant Gage's duty to serve his "supervisors" (the United States Attorney General and the United States Attorney) and inform him of Rule 4 of the Federal Rules of Civil Procedure, that the Court erred by failing to provide him with blank summons forms for his supervisors, that Defendant Gage purposefully withheld service on his supervisors for 50 days which resulted in automatic default and a miscarriage of justice, and that the United States Marshal falsified summons execution documents. **(Doc. Nos. 40, 53, 54, 60, 66, 72, 78, 81, 82, 89).**

Defendant Gage did not default for the reasons already explained to Plaintiff. See (Doc. No. 37). His allegations of misconduct and error by the Court, Defendant Gage, and the United States Marshal are conclusively refuted by the record and frivolous. Plaintiff is admonished to cease filing duplicative and frivolous motions.

**(3)** **Mediation/Settlement**

Plaintiff asks the Court to set up a meeting, mediation, or settlement conference so that both sides can avoid losing at trial. **(Doc. Nos. 40, 41, 54).**

This case is exempt from an initial attorney's conference pursuant to Rule 26 of the Federal Rules of Civil Procedure because Plaintiff is a prisoner. Fed. R. Civ. P. 26(a)(1)(B), (f)(1). The Court finds that this case is not suitable for Alternative Dispute Resolution. See LCvR 16.2(b). Therefore, Plaintiff's motion for a meeting and/or mediation will be denied.

**(4)** **Discovery**

Plaintiff seeks an order instructing the Superior Court to release videotape and documents to him, interrogatories, and a statement from the officer who witnessed an attack on him. **(Doc. Nos. 54, 71, 73, 75).**

Plaintiff's requests for discovery have been misdirected to the Court. See LCvR 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). Plaintiff was instructed in the Pretrial Order and Case Management Plan about submitting Interrogatories. See (Doc. No. 46).

Therefore, Plaintiff's Motions seeking discovery from the Court will be denied.

**(5)** **Legal Advice**

Plaintiff asks the Court to instruct him on Bivens cases and materials addressing how to engage in discovery. **(Doc. Nos. 73, 83).**

Plaintiff may refer to the Court's local rules and the "Filing Without an Attorney" tab on the Court's website. However, the Court cannot provide Plaintiff with legal advice. Therefore, Plaintiff's requests for legal advice will be denied.

**(6)** **Competency Evaluation**

Plaintiff seeks a competency evaluation because he allegedly suffers from mental illness, short term memory loss and anger issues, and was prescribed medication that the jail will not provide. He argues that he should be transferred to a "mental facility" for a competency evaluation which would allow the court to determine whether there are exceptional circumstances that require

the appointment of counsel to protect his rights. (**Doc. No. 88**).

A court must inquire into a party's competence if it should appear during the course of the proceedings that a party may be suffering from a condition that materially affects his ability to represent himself or otherwise understand the nature of the proceedings. Hudnall v. Sellner, 800 F.2d 377, 385 (4th Cir. 1986) (Rule 17 "undoubtedly contemplates is that form of mental deficiency which – whether or not accompanied by other forms of personality disorders – affects the person's practical ability 'to manage is or her own affairs.'"); Beckley Nat'l Bank v. Boone, 115 F.2d 513, 517 (4th Cir. 1940) (the test of incapacity is "the ability to know the nature, character and effects of one's acts, and to understand the subject matter of business transactions in which one is engaged."). A court is required to take whatever measures it deems proper to protect an incompetent person during litigation, including the appointment of a guardian *ad litem* or next friend. Fed. R. Civ. P. 17(c). The court has broad discretion and need not appoint a guardian *ad litem* if the person is or can otherwise be adequately protected, but is under a legal obligation to consider whether the person is adequately protected. United States v. 30.64 Acres of Land, 795 F.2d 796, 805 (1986); Roberts v. Ohio Cas. Ins. Co., 256 F.2d 35, 39 (5th Cir. 1958).

The record reveals that Plaintiff understands the nature of the proceedings and is able to protect his own interests by articulately communicating his position to the Court. No competency evaluation is required at this time.

IV. **CONCLUSION**

For the foregoing reasons, Defendant Gage's Motion to Dismiss for Failure to State a Claim, (Doc. No. 42), is granted. Plaintiff's request that the Court accept his signed certificate of service, (Doc. No. 74), is granted. The rest of Plaintiff's *pro se* Motions are denied.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion to Withdraw his official capacity claim against Defendant Gage, (Doc. No. 52), is **GRANTED.**

(2) Defendant Gage's Motion to Dismiss, (Doc. No. 42), is **GRANTED**.

(3) Plaintiff's "Motion for Certificate of Service for Previously Filed 'Memorandum for Appointment of Counsel'" in which he asks the Court to accept his signed certificate of service, (Doc. No. 74), is **GRANTED.**

(4) The rest of Plaintiff's pending Motions, (Doc. Nos. 40, 41, 47, 53, 54, 59, 60, 61, 66, 71, 72, 73, 75, 78, 81, 82, 83, 88, 89, 90, 91, 100, 102, 105), are **DENIED**.

Signed: September 18, 2018

Frank D. Whitney
Chief United States District Judge