# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17-cv-50-FDW

| | |
|---|---|
| **CHRISTOPHER LEE MICHELSON,** | )<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )     **ORDER**<br>) |
| **VAN DUNCAN, et al.,** | )<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion Presenting Existing Precedent to Qualified Immunity Entitlement Decision," (Doc. No. 107), and "Motion to Reconsider the Court's Order of 9/18/18 Granting Defendant Gage's Motion to Dismiss and the Denial for Appointment of Counsel and, Motion to Amend Agent Gage Back into the Complaint," (Doc. No. 108).

First, in his "Motion Presenting Evidence," Plaintiff cites an Eleventh Circuit case and argues that "Defendants" knew Corey Mapp's cousin was working at the jail and that Defendants failed to act despite knowing that Plaintiff faced a substantial risk of serious harm. To the extent that Plaintiff attempts to address Defendant Gage's qualified immunity, this argument is moot because the Court granted Gage's Motion to Dismiss without reaching the issue of qualified immunity. See (Doc. No. 106 at 9, n. 2). To the extent Plaintiff intends to address Defendants Coon and Lamb, his Motion is premature because those Defendants have not yet filed dispositive motions. Should Defendants Coon and/or Lamb file dispositive motions, Plaintiff will have the opportunity to respond and address qualified immunity, if relevant, at that time. Therefore, Plaintiff's "Motion Presenting Evidence" will be denied at this time.

1

Second, in his "Motion to Reconsider," Plaintiff asks that the Court reconsider the Order granting Defendant Gage's Motion to Dismiss and denying Plaintiff's request for the appointment of counsel. Plaintiff's Motion seeking reconsideration will be denied.

The United States Court of Appeals for the Fourth Circuit has stated as follows with regard to motions to alter or amend a judgment under Rule 59(e):

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)).

"Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. The circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

In the instant Motion seeking reconsideration, Plaintiff argues that "Defendant Gage should be amended back in Plaintiff's amended complaint because his partake involvement deals with deprivation of constitutionality." (Doc. No. 108 at 1). He claims that Defendants Gage and Coon showed up to visit him in jail the day after Plaintiff learned that Mapp's cousin was working in the jail. Plaintiff made them aware of the substantial risk of serious harm he faced as a cooperating witness. He claims that Defendant Gage is "throw[ing] a wool over the Court's eyes" by claiming that the Buncombe County Detention Facility is a state facility because it is actually used to house both state and federal inmates. (Doc. No. 108 at 3). Plaintiff has failed to satisfy Rule 59 by

showing an intervening change of law, any new evidence that was not available at the time of the Order ruling on Defendant Gage's Motion to Dismiss, or a clear error of law or manifest injustice. Therefore, Plaintiff's Motion to Reconsider will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Motion Presenting Existing Precedent to Qualified Immunity Entitlement Decision," (Doc. No. 107), is **DENIED**.

2. Plaintiff's "Motion to Reconsider the Court's Order of 9/18/18 Granting Defendant Gage's Motion to Dismiss and the Denial for Appointment of Counsel and, Motion to Amend Agent Gage Back into the Complaint," (Doc. No. 108), is **DENIED**.

Signed: September 25, 2018

Frank D. Whitney
Chief United States District Judge