UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:17-cv-50-FDW

| CHRISTOPHER LEE MICHELSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| VAN DUNCAN, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on multiple motions filed by *pro se* Plaintiff, (Doc. Nos. 122, 123, 130, 131, 138, 144, 148), and on Plaintiff Fourth Amended Complaint, (Doc. No. 146).

## I. BACKGROUND

The incarcerated Plaintiff filed a *pro se* civil rights suit pursuant to 42 U.S.C. § 1983 with regards to incidents that allegedly occurred at the Lanesboro Correctional Institution. The Amended Complaint, (Doc. No. 15), passed initial review on claims against Federal Bureau of Alcohol, Tobacco, and Firearms Agent Mark Gage, Asheville Police Department Detective Stephen Coon, and Asheville Police Department Sergeant Mike Lamb on claims that they failed to protect him after he provided assistance and was labeled a "snitch" in jail that resulted in his assault by another inmate. (Doc. No. 20).

Discovery closed on November 2, 2018, and the dispositive motion deadline was December 3, 2018. (Doc. No. 46).

Plaintiff withdrew his official capacity claim against Defendant Gage, and Defendant Gage's Motion to Dismiss for Failure to State a Claim was granted on July 2, 2018. See (Doc. Nos.

1

42, 52, 106). Plaintiff appealed the Court's September 18, 2018 Order dismissing Defendant Gage from the lawsuit and denying multiple Motions filed by Plaintiff. See (Doc. Nos. 106, 111). The Fourth Circuit dismissed the appeal for lack of jurisdiction because the order Plaintiff seeks to appeal is not a final order or an appealable interlocutory or collateral order. Michelson v. Coon, 754 Fed. Appx. 226 (4th Cir. 2019). The Fourth Circuit issued its mandate on May 30, 2019. See (Doc. No. 150).

## II. DISCUSSION

**(1) Motion to Stay**

Plaintiff filed a "Discovery Violation Inquiry" that was docketed on October 29, 2018 as a Motion to Stay this § 1983 proceeding pending the Fourth Circuit's appeal. (Doc. No. 122). In it, Plaintiff addresses the Court's October 17, 2018 Order, (Doc. No. 117), that instructs Plaintiff to direct his discovery requests to the appropriate parties in accordance with procedural rules and the Pretrial Order and Case Management Plan. Plaintiff states that the Pretrial Order and Case Management Plan does not make sense because he does not know how to engage in discovery and, if the Court cannot explain how discovery works, he requests a stay pending the Fourth Circuit's mandate on his interlocutory appeal.

Plaintiff's request for a stay is denied as moot because the Fourth Circuit's mandate has now been issued. His request for the Court's assistance with discovery is denied because the Court is unable to provide litigants with legal advice. This request is also moot insofar as the discovery cutoff date has now expired.

**(2) Motions for Reconsideration**

In several Motions and Letters, (Doc. Nos. 123, 130, 131, 137, 138, 148), Plaintiff argues that the Court overlooked a due process claim its Order on Initial Review and erred in granting

2

Defendant Gage's Motion to Dismiss. See (Doc. Nos. 20, 106). Plaintiff argues that he intended to assert a due process claim, *i.e.*, that Defendants Gage and Coon violated due process by failing to investigate or protect Plaintiff following the September 11, 2015 Jail meeting when he told them he was in danger because Corey Mapp's cousin worked at the Jail. He argues that Defendants Coon and Gage should be required to explain why they failed to investigate his claims of danger or take any actions to ensure his safety.

Assuming that Plaintiff intended to allege a due process claim, it is insufficient to pass initial review and is subject to dismissal.

The constitution's due process guarantee is in part substantive and, in a narrow set of circumstances, may itself be invoked to challenge executive conduct where no other constitutional provision more directly applies. See County of Sacramento v. Lewis, 523 U.S. 833, 842–45 (1998), *abrogated on other grounds by* Saucier v. Katz, 533 U.S. 194 (2001). In order to prevail on such a theory, a plaintiff would have to show conduct that was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Id. at 847 n.8; Manion v. N.C. Med. Bd., 693 Fed. Appx. 178 (4th Cir. 2017). Although the Due Process Clause forbids the State itself from depriving individuals of life, liberty or property without the due process of law, its language "cannot be fairly extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989). State actor liability may attach in two circumstances: (1) "when the State takes a person into its custody and holds him there against his will," (the state-custody or special-relationship exception); and (2) where the state itself creates the dangerous situation that resulted in a victim's injury (the state-created danger doctrine). Id. at 199-201. In the first situation, the affirmative duty to protect arises not from the state's knowledge of the

individual's predicament or from its expressions of intent to help him, but from the limitations it has imposed on his freedom to act on his own behalf. Id. at 199-200. The second situation implicates the alternate framework of § 1983 liability wherein a plaintiff alleges that some conduct by an officer directly caused harm to the plaintiff. See Pinder v. Johnson, 54 F.3d 1169, 1176 n. * (4th Cir. 1995). To establish § 1983 liability based on a state-created danger theory, "a plaintiff must show that the state actor created or increased the risk of private danger, and did so directly through affirmative acts, not merely through inaction or omission." Doe v. Rosa, 795 F.3d 429, 439 (4th Cir. 2015). Put another way, "state actors may not disclaim liability when they themselves throw others to the lions," but that does not "entitle persons who rely on promises of aid to some greater degree of protection from lions at large." Pinder, 54 F.3d at 1177.

Plaintiff's due process claim is insufficient to pass initial review because no state actor created or increased the risk of private danger directly through affirmative acts.[1] He merely alleges that Mapp learned of Plaintiff's cooperation, happened to have a cousin who worked at the Jail, and decided to retaliate against Plaintiff for his cooperation. He faults Defendants Gage and Coon for failing to investigate his allegations about Corey Mapp's cousin. Their alleged failure to act is not conscience-shocking affirmative behavior, but rather, was a failure to act that sounds in negligence rather than constitutional due process. Therefore, Plaintiff failed to state a plausible due process claim against Defendants Gage and Coon and his Motions seeking reconsideration of the Order on Initial Review and on Defendant Gage's Motion to Dismiss will be denied.

**(3)** **Fourth Amended Complaint**

---

[1] The case upon which Plaintiff relies, Coyne v. Cronin, 386 F.3d 280 (1st Cir. 2004), is distinguishable. In Coyne, the government obtained information and cooperation from an inmate in exchange for a promise that he would be safe, then affirmatively created a danger to him by accidentally mailing materials that disclosed his cooperation to the subjects of the investigation.

4

A plaintiff may amend a complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

The operative Amended Complaint, (Doc. No. 15), passed initial review on failure to protect claims against Gage, Coon and Lamb, and Defendants Coon and Lamb filed an Answer on April 30, 2018. (Doc. No. 28). Plaintiff subsequently filed Amended Complaints on November 22, 2018, (Doc. No. 125), December 6, 2018, (Doc. No. 128), and March 4, 2019, (Doc. No. 146). Plaintiff was previously informed that each Amended Complaint supersedes those that precede it and that he may not amend in a piecemeal fashion. (Doc. No. 12).

Each Amended Complaint superseded the prior complaints so the Court will address only the most recent one, Plaintiff's Fourth Amended Complaint, (Doc. No. 146). Each of the Amended Complaints was filed more than 21 days after Defendants Coon and Lamb filed their Answer, so leave of Court was required to amend and thus the Amended Complaint, (Doc. No. 146), will be construed as a Motion to Amend/Proposed Fourth Amended Complaint.

Plaintiff's Motion to Amend/Fourth Amended Complaint will be denied because amendment would be futile. Plaintiff names as Defendants in the Motion to Amend/Proposed Fourth Amended Complaint: Asheville Police Department Detective Stephen Coon, ATF Agent

Mark S. Gage, and Mr. Gage's lawyer in this matter, Assistant United States Attorney Gill P. Beck. Plaintiff argues that Defendants exercised cruel and unusual punishment and deprived him of due process. He alleges that Defendant Gage approached him for cooperation on July 30, 2015, that he participated in a drive-along and recorded phone calls for Gage, that he and Mapp were both arrested, and that he notified Gage and Coon on September 11, 2015 that he was at substantial risk of serious harm because he was told by another inmate that Mapp's cousin worked for the Jail and was spreading the word that Plaintiff had snitched. Gage told Plaintiff not to worry and everything would be alright. Seven months later, Plaintiff's housing officer asked Plaintiff "what's going on between [Plaintiff] and Corry Mapp" because Mapp's cousin had just been assigned to Plaintiff's "place." (Doc. No. 146 at 7). Video from March 17, 2016 will show Mapp's cousin, Officer Magnum, having a private conversation with an inmate who, three days later when Officer Magnum was off duty, asked Plaintiff "why you snitching on Corey" and brutally assaulted Plaintiff. (Doc. No. 146 at 7). Plaintiff alleges that Gage failed to investigate Plaintiff's September 11, 2015 allegations and did not take steps to inform the jail of the risk. Plaintiff further alleges that, on February 27, 2018, the District Court "cover[ed] up the investigative essential elements by passing initial review on 'failure to protect,'" which resulted in a grossly unfair outcome and violated due process. (Doc. No. 146 at 7). Plaintiff asks to have Gage put back into the Complaint and for the appointment of counsel.

Plaintiff's attempt to add AUSA Gill Beck as a Defendant is frivolous. Mr. Beck is Mr. Gage's attorney in this matter and had no alleged involvement in the underlying incidents. His involvement in this § 1983 case as Mr. Beck's advocate is completely separate from Gage's underlying actions and do not implicate Plaintiff's constitutional or statutory rights. Plaintiff's allegations that this Court somehow violated his rights by making adverse rulings in the instant §

6

1983 action are likewise frivolous and fail to state a § 1983 claim. Plaintiff will have an opportunity to express his disagreement with Mr. Beck's arguments and this Court's rulings on appeal.

Plaintiff's attempt to reinstate the failure to protect claims and assert new due process claims against Mr. Gage, also fails. Plaintiff voluntarily dismissed the failure to protect claims against Mr. Gage in his official capacity. The Court granted Mr. Gage's Motion to Dismiss for failure to state a claim with regards to the failure to protect claim and denied reconsideration. Plaintiff's attempt to state a due process claim against Mr. Gage is unavailing for the reasons already discussed in this Order. See Section (2), *supra.* Plaintiff's attempt to amend and assert failure to protect and due process claims against Mr. Gage would therefore be futile.

Plaintiff's attempt to amend his claims against Defendant Coon would also be futile. The operative Amended Complaint passed initial review against Defendant Coon for failure to protect. A due process claim against Defendant Coon would be insufficient to proceed for the reasons already discussed in this Order. See Section (2), *supra.* The Court can discern no purpose for realleging the failure to protect claim, and the due process claim is insufficient to proceed. Amendment would therefore be futile with regards to the claims against Defendant Coon.

Finally, the Court notes that the Motion to Amend/Proposed Fourth Amended Complaint does not name Mike Lamb as a Defendant. If Plaintiff intends to voluntarily dismiss the claims against Defendant Lamb, he should immediately file a Notice with the Court stating his intent to do so.

For the foregoing reasons, Plaintiff's Amended Complaint, (Doc. No. 146), is construed as a Motion to Amend/Proposed Fourth Amended Complaint, and leave to amend will be denied as futile.

### (4) Motions for the Appointment of Counsel

Plaintiff argues that counsel should be appointed to assist him at trial and that his multiple requests for the appointment of counsel have been erroneously denied, (Doc. Nos. 138, 144, 148). Plaintiff claims that extraordinary circumstances for the appointment of counsel exist because he is in maximum confinement, the case is complex, Plaintiff's long history of incarceration makes him unable to present his case, he takes serious mental health medications, he has a low IQ and is inexperienced in legal matters and the Court has violated his "substantive due process guarantee" by "creating non existing charges for dismissing the Defendant from the Law suit." (Doc. No. 144 at 3).

Plaintiff has failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel. However, this case is now ripe for trial and the Court will refer Plaintiff's case to the Court's Prisoner Assistance Program so that volunteer counsel might be located to assist Plaintiff. See 3:19-mc-13. Trial will be set in a separate order.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's "Discovery Violation Inquiry," (Doc. No. 122), is construed as a Motion to Stay this proceeding pending resolution of the Fourth Circuit's interlocutory appeal and is denied as moot. Plaintiff's Amended Complaint, (Doc. No. 146), is construed as a Motion to Amend/Proposed Fourth Amended Complaint and is denied as futile. Plaintiff's various Motions and Letters seeking reconsideration, (Doc. Nos. 123, 130, 131, 137, 138, 148), are denied. Plaintiff's various Motions and Letters seeking the appointment of counsel, (Doc. Nos. 138, 144, 148), are denied. However, the Court will refer this case to the Court's Prisoner Assistance Program to seek a volunteer lawyer to assist Plaintiff at trial but Plaintiff must understand that the Court's attempt to find a lawyer to voluntarily assist Plaintiff at trial is not a

guarantee that the Court will find a lawyer to voluntarily assist Plaintiff.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's "Discovery Violation Inquiry," (Doc. No. 122), is construed as a Motion to Stay this proceeding pending resolution of the Fourth Circuit's interlocutory appeal and is **DENIED** as moot.

(2) Plaintiff's Amended Complaint, (Doc. No. 146), is construed as a Motion to Amend/Proposed Fourth Amended Complaint and is **DENIED**.

(3) Plaintiff's Motions and Letters seeking reconsideration, (Doc. Nos. 123, 130, 131, 137, 138, 148), are **DENIED**.

(4) Plaintiff's Motions and Letters seeking the appointment of counsel, (Doc. Nos. 138, 144, 148), are **DENIED**.

(5) The Clerk of Court is instructed to use reasonable efforts to locate a volunteer lawyer to assist Plaintiff at trial pursuant to the Prisoner Assistance Program.

(6) Trial will be set by separate order.

Signed: May 31, 2019

Frank D. Whitney
Chief United States District Judge