UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-50-FDW

| | | |
|---|---|---|
| CHRISTOPHER LEE MICHELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| VAN DUNCAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Plaintiff's *pro se* "Motion Requesting Permission to Have Depositions Taken for Reasons to Follow," (Doc. No. 160).

The incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that his cooperation with an ATF agent and two Asheville Police Department officers put him at a risk of harm in prison, and that they then failed to protect him from a violent attack. See (Doc. No. 20). The case remains pending only against Detective Stephen Coon. On July 9, 2018, the Court issued a Pretrial Order and Case Management Plan setting the discovery cutoff deadline as November 2, 2018. (Doc. No. 46). Trial is scheduled for the Court's January 6, 2020 term. See (Doc. No. 159).

In the present Motion, Plaintiff lists witnesses whom he intends to call at trial, seeks subpoenas for their presence, and requests the opportunity to depose them. He has appended to his Motion lists of questions he seeks to ask of various witnesses. (Doc. No. 160 at 3-11).

The court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986). A scheduling order may be modified

"only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." <u>Dilmar Oil Co. v. Federated Mut. Ins. Co.</u>, 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted).

Plaintiff's Motion, which essentially seeks to reopen discovery, will be denied. Plaintiff expressed some interest in conducting discovery while discovery was open but he never filed a Motion to Compel during the discovery period. <u>See</u> (Doc. Nos. 71, 73, 116). Plaintiff waited until the eve of the previously-scheduled trial date to file his current request for depositions.[1] The Court finds that Plaintiff was not diligent during the discovery period, which has been closed for nearly a year, and that good cause does not exist to permit the requested discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion Requesting Permission to Have Depositions Taken …," (Doc. No. 160), is **DENIED**.

Signed: October 18, 2019

Frank D. Whitney
Chief United States District Judge

---

[1] Trial was set for the term beginning November 4, 2019, (Doc. No. 152), and was continued until the term beginning January 6, 2020, (Doc. No. 159), in part, to locate volunteer counsel to assist Plaintiff at trial. <u>See</u> (Doc. No. 159 at 1-2).