UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00050-FDW

| | |
|---|---|
| CHRISTOPHER LEE MICHELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| VAN DUNCAN, ET AL., ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court on Defendant Stephen Coon's Motion to Dismiss (Doc. No. 186). Also before the Court is Plaintiff's pro se Motion to Correct Existing Prejudice (Doc. No. 192). For the reasons which follow, Defendant Coon's motion is GRANTED, Plaintiff's Motion is DENIED, and Plaintiff's claims are DISMISSED.

I. **BACKGROUND**

Plaintiff, a prisoner of the State of North Carolina, filed his original pro se complaint on February 16, 2017. (Doc. No. 1). In this complaint, Plaintiff named former Buncombe County Sheriff Van Duncan ("Duncan"), ATF Special Agent Mark Gage ("Gage"), Asheville Police Department Detective Stephen Coon ("Coon"), former Buncombe County District Attorney Ron Moore ("Moore"), and Roger Smith ("Smith"), Plaintiff's former attorney, as defendants. See generally (Doc. No. 1). The Original Complaint alleged all Defendants failed to protect Plaintiff from an assault that occurred on or about March 20, 2016, at the hands of another prisoner or detainee and allegedly ordered by an unnamed deputy sheriff. (Doc. No. 1, pp. 3, 5). After a review pursuant to 28 U.S.C. § 1915A, the Court dismissed Plaintiff's Original Complaint without prejudice for failure to state a claim. See generally (Doc. No. 3). The Court's Order stated, in

1

part:

> Plaintiff's complaint fails to state a claim for relief. First, assuming Plaintiff did inform Defendants Gage and Coon that he believed he was in danger that was seven months before he was apparently assaulted. Second, Plaintiff does not identify the deputy sheriff that allegedly ordered a hit on him by name. Third, Defendants Gage and Coon have no responsibility regarding Plaintiff's housing within the Buncombe County Jail as that is the exclusive province of Van Duncan, who is the present sheriff of Buncombe County.

(Doc. No. 3, p. 3). On July 21, 2017, the Court denied Plaintiff's Motion for Reconsideration, but allowed Plaintiff to refile his motion for leave to amend his complaint, along with a proposed amended complaint. (Doc. No. 12, p. 2-3).

On July 31, Plaintiff filed an Amended Complaint along with his Motion for Leave to Amend (Doc. No. 15). The Amended Complaint dropped all defendants except for Gage and Coon, and added a member of the Asheville Police Department, Lieutenant Mike Lamb ("Lamb"). (Doc. No. 15, p. 3). Plaintiff later voluntarily dismissed Lamb from the case. (Docs. Nos. 154, 155). On February 27, 2018, the Court granted Plaintiff's Leave to Amend, and the Amended Complaint survived initial review pursuant to 28 U.S.C. § 1915. (Docs. Nos. 19, 20). In its Order, the Court determined that Plaintiff stated a facially sufficient claim that "Defendants were deliberately indifferent to his safety by failing to move him to another facility or, at least, remove him from the general population, even though they knew that the dangerous criminal who he helped them investigate, had identified him as a snitch." (Doc. No. 20, p. 5). After filing a plethora of documents with the Court, including several amended complaints,[1] and after the case proceeded forward based on Plaintiff's Amended Complaint (Doc. No. 15), the Court granted Defendant Gage's motion to dismiss. (Doc. No. 106, p. 9). After discovery and Plaintiff's voluntarily

---

[1] Because "each Amended Complaint supersedes those that precede it," (Doc. No. 151, p. 5), the Court considered only Plaintiff's Fourth Amended Complaint. Id. This complaint was denied as futile. Id. at 7.

dismissal of Defendant Lamb from the action, (Doc. No. 167), Coon was the sole remaining defendant left in this case. In advance of trial, Defendant Coon submitted the instant Motion to Dismiss based on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 186). While the motion has been pending, Plaintiff filed a pro se Motion to Correct Existing Prejudice (Doc. No. 192). Plaintiff did not file a response to Defendant Coon's motion to dismiss, and the time for doing so has passed.[2]

## II. STANDARD OF REVIEW

Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884). The court's ability to independently address subject matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

When a court considers its subject matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence

---

[2] Although Plaintiff filed his complaint pro se, he is now represented by counsel.

outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to *de novo* appellate review.

Id., at 768-69 (citations omitted).

### III. ANALYSIS

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976). The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotations omitted). To obtain relief under Section 1983 on a claim of failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury" resulting from that failure, Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993); see also Farmer, 511 U.S. at 834; and (2) the prison officials had a "sufficiently culpable state of mind," which in this context is deliberate indifference. Farmer, 511 U.S. at 834 (quotations omitted).

Under North Carolina law, "every sheriff or jailer to whose jail any person shall be committed by any court or magistrate of competent jurisdiction shall receive such prisoner and give a receipt for him, and be bound for his safekeeping as prescribed by law." N. C. Gen. Stat. § 15-126; see also N.C. Gen. Stat. § 162-22 ("The sheriff shall have the care and custody of the jail in his county; and shall be, or appoint, the keeper thereof."). In other words, "the sheriff has *exclusive* custody and control over the jail in his county." Wiley v. Buncombe Cty., 846 F. Supp.

4

2d 480, 486 (W.D.N.C. 2012) (emphasis added); see also Knight v. Vernon, 214 F.3d 544, 545 (4th Cir. 2000) ("Sheriffs run the county jails in North Carolina.").

Plaintiff's Amended Complaint states that Detective Coon is a Police Detective with the Asheville Police Department. (Doc. No. 15, p. 3). In his motion, Defendant notes this description is accurate. (Doc. No. 186-1, p. 6). Moreover, Defendant highlights that the Court previously stated, when it dismissed Plaintiff's Original Complaint, Coon "ha[d] no responsibility regarding Plaintiff's housing within the Buncombe County Jail as that is the exclusive province of Van Duncan, who is the present sheriff of Buncombe County." (Doc. No. 3, p. 3; Doc. No. 186-1, p. 6). As Detective Coon is a member of the Asheville Police Department, and not of the Buncombe County Sheriff's Office, he is without jurisdiction over the Buncombe County Jail or events that occur therein. See N.C. Gen. Stat. §§ 15-126, 162-22; see also Wiley, 846 F. Supp. 2d at 486. As he is without jurisdiction or authority over the Buncombe County Jail, he cannot be liable for failure to protect a detainee, and the Court lacks subject matter jurisdiction to hear Plaintiff's claims pertaining to him.

To the extent Defendant's Motion to Dismiss is based on Rule 12(b)(6) for failure to state a claim, the Court does not reach that issue for lack of subject matter jurisdiction.

The Court has also reviewed Plaintiff's Motion to Correct Existing Prejudice (Doc. No. 192). After review and careful consideration, the Court finds Plaitniff's argument to be without merit.

IV. CONCLUSION

IT IS, THEREFORE, ORDERED that Defendant Coon's Motion to Dismiss (Doc. No. 186) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Correct Existing Prejudice (Doc. No. 192) is DENIED.

As Defendant Coon is the final Defendant remaining in this case, Plaintiff's claims are hereby DISMISSED. The Second Amended Writ of Habeas Corpus ad Testificandum (Doc. No. 191) is VACATED.

The Clerk of Court is respectfully DIRECTED to send a copy of this Order to all parties, the U.S. Marshal, and the Warden/Superintendent of the Buncombe County Detention Facility, 20 Davidson Drive, Asheville, NC 28801. The Clerk of Court is further respectfully DIRECTED to remove the March 17, 2020 trial date from the calendar.

IT IS SO ORDERED.

Signed: March 9, 2020

Frank D. Whitney
Chief United States District Judge