UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-50-FDW

| | |
|---|---|
| CHRISTOPHER LEE MICHELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| VAN DUNCAN, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the pro se Plaintiff's *pro se* Motion Contesting Filing Fee, (Doc. No. 196). He claims that prison officials are holding back funds from his prison account, which his father funds from his social security payments, for the filing fee. This has resulted in decreased access to commissary.

Plaintiff filed this *pro se* Motion while represented by counsel, and counsel has not adopted the Motion. Therefore, the Motion is not properly before the Court and will be stricken. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (noting there is no constitutional right to a "hybrid representation" in which defendant is represented both by himself and by counsel); Cain v. Peters, 972 F.2d 748, 750 (7th Cir.1992) (representation by counsel and self-representation are mutually exclusive entitlements in light of McKaskle).

Even if the Motion was properly before the Court it would be denied. The Prison Litigation Reform Act ("PLRA") provides that, "if a prisoner brings a civil action … in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee…." 28 U.S.C. § 1915(b)(1). Thus, the PLRA "makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, … [and] by filing the complaint or notice of appeal, the prisoner waives any objection to

the fee assessment by the district court." McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997) (citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Goins v. Decaro, 241 F.3d 260, 262 (2d Cir. 2001) ("we are not at liberty to read into the PLRA judicial authority to cancel remaining indebtedness for withdrawn appeals."); Williams v. Roberts, 116 F.3d 1126, 1127 (5th Cir. 1997) ("the filing fee is to be assessed for the privilege of initiating an appeal, without regard to the subsequent disposition of the matter."). Plaintiff is still required to pay the full filing fee even though the action has been dismissed. Therefore, the Motion would be denied even if it was properly before the Court. See McGore, 114 F.3d at 607; 28 U.S.C. § 1915(b)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Motion Contesting Filing Fee, (Doc. No. 196), is **STRICKEN** and, alternatively, **DENIED**.

Signed: March 14, 2020

Frank D. Whitney
Chief United States District Judge