UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-50-FDW

| | |
|---|---|
| CHRISTOPHER LEE MICHELSON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   **ORDER** |
| VAN DUNCAN, et al., | ) |
| | ) |
|       Defendants. | ) |
| | ) |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion for Ineffective Trial Counsel, (Doc. No. 202), Motion for Rehearing, (Doc. No. 203), and Additional Motion for Rehearing, (Doc. No. 204).

*Pro se* incarcerated Plaintiff filed the instant action under 42 U.S.C. § 1983. The Amended Complaint passed initial review against Asheville Police Department Detective Stephen Coon[1] on allegations that he was deliberately indifferent to a serious risk of harm to Plaintiff because he had assisted police in a dangerous individual's arrest, that individual's cousin worked at the facility where Plaintiff was housed, and the cousin labeled Plaintiff as a snitch. (Doc. No. 20). Plaintiff reported this situation to Defendant, who failed to act, and Plaintiff was assaulted seven months later. Defendant Coon did not file dispositive motions during the period set forth in the pretrial scheduling order and the case was set for trial. (Doc. Nos. 152, 159). The Court located volunteer counsel David Burgess to assist Plaintiff at trial. (Doc. No. 174).

Defendant Coon filed a Motion to Dismiss for Lack of Jurisdiction on the eve of trial. (Doc.

---

[1] Claims against two other Defendants were dismissed. See (Doc. Nos. 106, 155, 167).

1

No. 186). Counsel did not file a Response to the Motion to Dismiss.[2] Defendant Coon's Motion to Dismiss was granted on March 9, 2020 and the case was closed. (Doc. No. 197).

Plaintiff filed the pending Motions under the prison mailbox rule on March 15, 2020[3] alleging that Mr. Burgess provided ineffective assistance in these § 1983 proceedings and seeking "rehearing."

Construing Plaintiff's Motions liberally, they will be construed as seeking relief from the Court's March 9 judgment under Rules 59(e) and/or 60(b) of the Federal Rules of Civil Procedure.

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted).

Rule 60(b) permits a court to orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer

---

[2] Plaintiff filed a *pro se* Response but Plaintiff was represented by counsel at the time. (Doc. No. 194).
[3] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prison mailbox rule to § 1983 case).

equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Plaintiff filed the instant Motions on March 15, 2020 pursuant to the prison mailbox rule, less than 28 days after the Court March 9 Judgment. They are therefore timely under both Rules 59(e) and 60(b). His claims for relief will be addressed in turn.

First, Plaintiff alleges that Mr. Burgess provided ineffective in these § 1983 proceedings. He claims that Mr. Burgess did not adequately prepare pretrial motions or prepare for trial,

communicated with him inadequately, and sabotaged his trial.[4]

The Sixth Amendment pertains only to criminal prosecutions and certain other proceedings that may result in an individual's loss of personal liberty. Lassiter v. Dep't of Social Servs. of Durham Co., 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); see Wolff v. McDonnell, 418 U.S. 539, 576, 94 S. Ct. 2963, 2984, 41 L. Ed. 2d 935 (1974) ("[a]s to the Sixth Amendment, its reach is only to protect the attorney-client relationship from intrusion in the criminal setting…."); United States v. Wilcox, 507 F.2d 364, 369 (4th Cir. 1974) (the Sixth Amendment applies only to personal confrontations between the accused and the state). The Sixth Amendment simply does not apply to civil cases such as this § 1983 civil action. See, e.g., Dillahunt v. Clark, 2009 WL 1382606, at *4 (E.D.N.C. Mar. 18, 2009) (dismissing plaintiff's § 1983 claim that counsel had provided ineffective assistance in a state court proceeding). Therefore, even if Mr. Burgess had performed less than effectively – which is not the case here – there is no legal basis for an ineffective assistance of counsel claim and Plaintiff's Motions will be denied on that basis.

Second, Plaintiff appears to argue that the Court should not have granted Defendant's Motion to Dismiss and that the case should have gone to trial. He argues that the Court did not allow him to respond to Defendant's Motion to Dismiss, that the Motion to Dismiss should have been denied because the Amended Complaint passed initial review, and reiterates his § 1983 claim.

Rule 59(e) does not provide a basis to reopen Plaintiff's § 1983 civil rights case because he has failed to demonstrate that any change of law, new evidence, or an error of law has occurred.

Plaintiff has also failed to demonstrate that relief should be granted based on Rule 60. He has failed to demonstrate the existence of mistake, inadvertence, surprise, or excusable neglect,

---

[4] Plaintiff's claims about the denial of his Motion to Dismiss will be discussed separately.

newly discovered evidence, fraud, void judgment, satisfaction or release of judgment, or any other reason that justifies relief. Because he has cited absolutely no reason why the dismissal of his case should be reconsidered, his Motions will be denied.

For the reasons stated herein, the Court finds that there is no basis to reconsider its Judgment and Plaintiff's *pro se* Motions will be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Ineffective Trial Counsel, (Doc. No. 202), Motion for Rehearing, (Doc. No. 203), and Additional Motion for Rehearing, (Doc. No. 204), are **DENIED**.

Signed: April 6, 2020

Frank D. Whitney
Chief United States District Judge