# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00050-MR

| | |
|---|---|
| CHRISTOPHER LEE MICHELSON, ) ) Plaintiff, ) ) vs. ) ) VAN DUNCAN, et al., ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** is before the Court on several *pro se* Motions [Docs. 211, 215, 217, 220, 222, 224, 225].

## I. BACKGROUND

The incarcerated Plaintiff filed this civil rights action against several Defendants, including: Van Duncan, the Buncombe County Sheriff; Mark Gage, an ATF agent; Stephen Coon, an Asheville Police Department detective; and Mike Lamb, an Asheville Police Department sergeant. Plaintiff argued that Defendants failed to protect him from an assault by another inmate at the Buncombe County Detention Facility ("BCDF") on March 20, 2016 that was in response to his work as a confidential informant. [Doc. 1]. Then-Chief Judge Frank D. Whitney dismissed the Complaint on initial review and Plaintiff was given the opportunity to amend. [Doc. 3].

Plaintiff filed an Amended Complaint, which did not include Duncan as a Defendant; that Amended Complaint passed initial review as Defendants Gage, Coon, and Lamb. [Docs. 15, 19, 20]. Subsequently Plaintiff voluntarily dismissed the action as to Defendant Lamb, and Defendant Gage's Motion to Dismiss was granted. [See Docs. 106, 154, 155].

In advance of trial, Plaintiff was appointed volunteer counsel. [Docs. 151, 174]. Defendant Coon filed a Motion to Dismiss for lack of subject-matter jurisdiction shortly before trial was scheduled to commence. [Doc. 186]. Volunteer counsel did not respond to the Motion to Dismiss but Plaintiff filed a *pro se* Response in which he did not challenge the merit of Defendant Coon's Motion, but objected that it was untimely. [See Doc. 194]. On March 9, 2020, Judge Whitney granted Defendant Coon's Motion to Dismiss for lack of subject-matter jurisdiction and closed the case. [Docs. 197, 198]. The Order granting Defendant Coon's Motion to Dismiss is pending on appeal, Fourth Cir. Case No. 20-6480.

Plaintiff then filed *pro se* Motions accusing volunteer counsel of ineffective assistance and seeking reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b). [Docs. 202, 203, 204]. Plaintiff's Motions were denied because Plaintiff failed to demonstrate any basis for relief. [Doc. 206].

2

This matter was reassigned to the undersigned on April 24, 2020. Plaintiff has now filed several *pro se* Motions in which he seeks reconsideration of the Order granting Defendant Coon's Motion to Dismiss and other relief.[1]

## II. DISCUSSION

### A. Motion for Persuasive Ruling

In his first motion, Plaintiff asks the Court to issue an Order instructing Defendants to stop using his prior criminal record "for persuasive rulings." [Doc. 215 at 1].

Court records are generally available to the public pursuant to the common law and First Amendment. See generally In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283 (4th Cir. 2013) (addressing the common law and First Amendment rights of open access to the courts); see also Fed. R. Evid. 201 (addressing judicial notice).

Plaintiff fails to explain how Defendants used his judicial records, or why such use was improper in any way. Accordingly, this Motion will be denied.

---

[1] Plaintiff's present Motions have been reorganized and restated. Any argument or sub-claim not specifically addressed in this Order has been considered and rejected.

3

**B. Recusal**

Plaintiff asks the Court to have Judge Whitney removed from the case. [Docs. 215, 217]. He argues that Judge Whitney is biased, allowed Plaintiff to be assaulted, and "wip[ed] away restitution," thus essentially punishing Plaintiff for an offense for which he has already paid his debt to society. [Doc. 217 at 1].

A litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.

Plaintiff has failed to satisfy the requirements of § 144. Moreover, the Motion is moot insofar as the case was administratively reassigned on April 24, 2020. Therefore, this Motion will be denied.

**C. Appointment of Counsel**

Plaintiff requests the appointment of counsel because he takes lithium and that extraordinary circumstances are present. [Docs. 215, 223].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a

4

private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

Plaintiff's request for the appointment of counsel is moot insofar as the Court located volunteer counsel to represent him for purposes of trial. To the extent that Plaintiff seeks the appointment of a new lawyer at this point in the proceedings, that request will be denied as moot because this case has ended. Moreover, Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel.

### D. Reconsideration

Plaintiff next moves for relief under Rule 60 of the Federal Rules of Civil Procedure. [Doc. 220].

Rule 60 permits a court to correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

5

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted).

First, Plaintiff argues that the Court's March 9, 2020 Order granting Defendant Coon's Motion to Dismiss should be reversed because Plaintiff can prove that his Eighth Amendment rights were violated, and that Defendants should have to explain why they did not protect him from the March 20, 2016 assault. [Doc. 223]. This argument merely reiterates the grounds alleged in the Amended Complaint, and provides no basis for Rule 60(b) relief. Plaintiff further argues that Judge Whitney is biased and that extraordinary circumstances exist; however, these arguments are too vague and conclusory to support Rule 60(b) relief.

Plaintiff's argument that counsel should have opposed Defendant Coon's Motion to Dismiss and that the Court should have considered his *pro*

*se* opposition to that Motion is meritless. Counsel had no obligation to oppose a meritorious motion to dismiss and Plaintiff has failed to identify any non-frivolous argument that counsel could have presented. Indeed, Plaintiff's *pro se* opposition "does not challenge Defendant Stephen Coon's motion to dismiss itself but only challenges [its] untimeliness…" [Doc. 194 at 2] and, in granting the Motion to Dismiss, the Court acknowledged that subject-matter jurisdiction can be raised at any time. [See Doc. 197]. Plaintiff has failed to demonstrate that any error or mistake occurred under these circumstances. Relief is not warranted under any of the enumerated grounds in Rule 60(b)(1)-(5), and no extraordinary circumstances are present. Therefore, the Rule 60(b) Motion will be denied.

### E. Motion to Amend

Next, Plaintiff seeks to amend his Complaint to add Sheriff Duncan back into the case as a Defendant. [Doc. 211]. He also seeks to add new claims with challenging the sufficiency of the medical care at BCDF and alleging that his father's phone is being illegal wiretapped and recorded. [See Docs. 217, 220, 222, 225]. Plaintiff also refers to his claims in Civil Case No. 1:19-cv-00311-MR, in which his Second Amended Complaint is pending before the Court. [See Doc. 225].

The Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "[A] post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered – for prejudice, bad faith, or futility." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). However, "[t]here is one difference between a pre- and a post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." Id.

The Judgment in the instant case has not been vacated pursuant to Rule 59(e) or 60(b), and therefore, Plaintiff's Motions seeking to amend the Complaint will be denied. See Laber, 438 F.3d at 427. To the extent that Plaintiff wishes to present the Court with any motions addressing Civil Case No. 1:19-cv-00311-MR, they must be filed in that case.

### F. Certified Questions

Plaintiff asks the Court to certify two questions to the North Carolina Supreme Court, *i.e.*, whether the Defendants were obligated to take steps to

8

Case 1:17-cv-00050-MR    Document 226    Filed 06/29/20    Page 8 of 10

protect Plaintiff to an obvious risk to his safety, and whether volunteer counsel was obligated to oppose Defendant Coon's Motion to Dismiss. [Doc. 224].

As a general matter, when federal courts are presented with issues of state law, the federal courts must predict how the North Carolina Supreme Court would rule on the disputed issue. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005).

Plaintiff's Motion will be denied because he has failed to identify a question of state law that pertains to these proceedings. In any event, "North Carolina currently has no mechanism for us to certify questions of state law to its Supreme Court." MLC Auto., LLC v. Town of Southern Pines, 532 F.3d 269, 284 (4th Cir. 2008); accord Town of Nags Head v. Toloczko, 728 F.3d 391 (4th Cir. 2013).

## IV. CONCLUSION

For the reasons stated herein, the Court will deny the pending *pro se* Motions filed by Plaintiff.

**IT IS, THEREFORE, ORDERED** that Plaintiff's *pro se* Motions [Docs. 211, 215, 217, 220, 222, 224, 225] are **DENIED**.

**IT IS SO ORDERED.**

Signed: June 29, 2020

Martin Reidinger
Chief United States District Judge