# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00050-MR

| | |
|---|---|
| CHRISTOPHER LEE MICHELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| VAN DUNCAN, et al., | ) ORDER |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's *pro se* "Motion Under Federal Rules of Civil Procedure Rule 60(b) (Newly Discovered Evidence)" [Doc. 234] and "Motion for Records" [Doc. 236].

**I.   BACKGROUND**

The incarcerated Plaintiff filed this civil rights action against Defendants including: Van Duncan, the Buncombe County Sheriff; Mark Gage, an ATF agent; Stephen Coon, an Asheville Police Department detective; and Mike Lamb, an Asheville Police Department sergeant. Plaintiff argued that Defendants failed to protect him from an assault by another inmate at the Buncombe County Detention Facility ("BCDF") on

March 20, 2016 that was in response to his work as a confidential informant.[1] [Doc. 1]. Then-Chief Judge Frank D. Whitney dismissed the Complaint on initial review and Plaintiff was given the opportunity to amend. [Doc. 3]. Plaintiff filed an Amended Complaint, which did not include Duncan as a Defendant; the Amended Complaint passed initial review as Defendants Gage, Coon, and Lamb. [Docs. 15, 19, 20]. Subsequently, Plaintiff voluntarily dismissed the action as to Defendant Lamb, and Defendant Gage's Motion to Dismiss was granted. [See Docs. 106, 154, 155].

In advance of trial, Plaintiff was appointed volunteer counsel. [Docs. 151, 174]. Defendant Coon filed a Motion to Dismiss for lack of subject-matter jurisdiction shortly before trial was scheduled to commence. [Doc. 186]. Volunteer counsel did not respond to the Motion to Dismiss but Plaintiff filed a *pro se* Response, arguing that the Motion was untimely. [See Doc. 194]. On March 9, 2020, Judge Whitney granted Defendant Coon's Motion to Dismiss for lack of subject-matter jurisdiction and closed the case. [Docs. 197, 198]. The Order granting Defendant Coon's Motion to Dismiss is pending on appeal, Fourth Cir. Case No. 20-6480.

Plaintiff then filed *pro se* Motions accusing volunteer counsel of ineffective assistance and seeking reconsideration pursuant to Fed. R. Civ.

---

[1] The Plaintiff is no longer incarcerated.

P. 59(e) and 60(b). [Docs. 202, 203, 204]. Plaintiff's Motions were denied because Plaintiff failed to demonstrate any basis for relief. [Doc. 206].

This matter was reassigned to the undersigned on April 24, 2020. Plaintiff then filed a number of *pro se* Motions seeking, *inter alia*, reconsideration of the Order grating Defendant Coon's Motion to Dismiss under Rule 60(b). [Doc. 220; see also Docs. 211, 215, 217, 222, 224, 225]. The Motions were denied on June 29, 2020, on the grounds that Plaintiff merely reiterated the grounds alleged in the Amended Complaint and provided no basis for Rule 60(b) relief. [Doc. 226].

Undeterred, Plaintiff has now filed a Rule 60(b) Motion alleging that the Judgment should be amended based on newly discovered evidence and extraordinary circumstances. He has also filed a Motion seeking discovery, which is directed at procuring medical records to support his claim of newly discovered evidence. Defendant Gage filed Responses arguing that: the Rule 60(b) Motion is untimely and fails to demonstrate any basis for relief; and the Motion seeking discovery is not authorized by the Federal Rules of Civil Procedure and this Court's Local Rules, and would be burdensome. [Docs. 235, 237]. The Plaintiff filed a Reply arguing that the Rule 60(b) Motion should be granted, the Judgment should be set aside, and Plaintiff should be permitted to proceed on the merits of his § 1983 case. [Doc. 238].

## II. DISCUSSION[2]

### A. Rule 60(b) Motion

Rule 60 permits a court to relieve a party from a "final judgment, order, or proceeding" under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steampship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving

---
[2] Plaintiff's present Motions have been reorganized and restated. Any argument or sub-claim not specifically addressed in this Order has been considered and rejected.

extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted).

Defendant Gage argues that the Rule 60(b) Motion is untimely as to him because it was filed approximately 27 months after the Court granted his Motion to Dismiss on September 18, 2018, and the Plaintiff offers insufficient justification for the delay. [See Doc. 106]. This argument is unavailing because the September 18 Order was not a final order, and Rule 60(b) applies only to final orders and judgments. See Michelson v. Coon, 754 F. App'x 226 (4th Cir. 2019) (dismissing Plaintiff's appeal from Defendant Gage's Motion to Dismiss because "[t]he order Michelson seeks to appeal is neither a final order nor an appealable interlocutory or collateral order."); see generally Fed. R. Civ. P. 54(b); 28 U.S.C. § 1292. The final Judgment in this case was entered on March 9, 2020, and the Plaintiff timely filed the instant Rule 60(b) Motion less than one year later on December 15, 2020.

Plaintiff appears to seek relief based on Rule 60(b)(2) and (6). He alleges that he learned on May 22, 2020, that he was suffering lithium toxicity which rendered him mentally incapable of representing himself in these proceedings due to symptoms including confusion, poor memory, hallucinations, and blackouts. He further alleges that his consumption of lithium, the lithium toxicity, and bipolar disorder are exceptional

5

circumstances that warrant reopening these proceedings and allowing the Plaintiff to try the merits of his case with the assistance of counsel. [Doc. 234 at 2]. He argues that, due to his mental conditions, he: filed letters and affidavits "w/ meaningless attached court documents, to federal agencies, Associated Press, etc., accusing the Court and the opposing party's [sic] of committing fraud;" did not realize that he filed an Amended Complaint; and was unaware that the Court had misconstrued his claims on initial review. [Doc. 234 at 2].

A party relying on newly discovered evidence must demonstrate: (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended." Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989) (discussing newly discovered evidence in the context of Rules 59 and 60) (internal quotations omitted); U.S. Fidelity & Guaranty Co. v. Lawrenson, 334 F.2d 464, 465 n.2 (4th Cir. 1964) ("The standard governing relief from judgment on the basis of newly discovered evidence under 60(b)(2) is the same as that governing a new trial under 59(a)(1).").

Plaintiff's reliance on newly discovered evidence pursuant to Rule 60(b)(2) is unavailing. Plaintiff alleges that his bipolar disorder, consumption of lithium, and lithium toxicity rendered him incapable of litigating this case without counsel. However, his bipolar disorder and lithium consumption were well known to him throughout these proceedings and he sought the appointment of counsel based on his mental disorders, including a finding of incompetency in a prior proceeding and his perceived inability to proceed *pro se*.[3] [See Doc. 11]. The Court denied his request for counsel because the Plaintiff failed to present exceptional circumstances. [Doc. 13]. The Court denied reconsideration of his request for counsel, noting that Plaintiff had demonstrated the ability to litigate the case. [Doc. 19]. Plaintiff's present argument that he learned on May 22, 2020, that lithium toxicity rendered him incapable of litigating without counsel is merely cumulative of his prior claims that his mental condition rendered him unable to litigate this action *pro se*. It is also refuted by the record. The Plaintiff has ably expressed his claims to the Court throughout the proceedings; strenuously objected to Defense filings; sought reconsideration of this Court's adverse rulings; and filed

---

[3] The Plaintiff repeatedly sought the appointment of counsel on additional grounds. [Docs. 59, 75, 83, 90, 91, 102, 104]. These, too, were denied because Plaintiff failed to demonstrate the existence of exceptional circumstances. [Doc. 106].

multiple appeals.[4] Further, the Plaintiff was represented by a volunteer lawyer when the case was set for trial and vociferously opposed Defendant Coon's Motion to Dismiss *pro se* when counsel declined to do so. The record and the Plaintiff's present Motion demonstrate only that the Plaintiff remains dissatisfied with the outcome of this case and seeks to relitigate it. In sum, the Plaintiff has failed to identify any newly discovered evidence that is not cumulative, that is material, or that was likely to produce a different outcome or would require the Judgment to be amended.

Further, the Plaintiff has not demonstrated the existence of extraordinary circumstances that would warrant relief under Rule 60(b)(6). The Plaintiff's claim under Rule 60(b)(6) overlaps his claim of newly discovered evidence, *i.e.*, that his mental condition rendered him incapable of litigating this case without counsel. His arguments, however, fail to establish the existence of extraordinary circumstances or that relief is appropriate to accomplish justice for the reasons already discussed. Therefore, the Plaintiff's Motion for Rule 60(b) relief is denied.

---

[4] The Plaintiff has appealed (1) the Court's dismissal of his Complaint without prejudice on initial review, Michelson v. Duncan, 712 F. App'x, 315 (4th Cir. Feb. 26, 2018) (Fourth Cir. Case No. 17-6931); (2) the Court's dismissal of the claims against Defendant Gage, Michelson v. Coon, 754 F. App'x 226 (4th Cir. Feb. 26, 2019) (Fourth Cir. Case No. 18-7221); and (3) the final Judgment, Fourth Cir. Case No. 20-6480.

B.  **Motion for Records**

In his Motion for Records, the Plaintiff asks the Court to order BCDF's medical department to release the Plaintiff's records addressing a lithium toxicity incident in 2015 for which he was hospitalized, and the records between June 30, 2018 and May 22, 2020, when, he claims, his lithium level was not monitored. [Doc. 236]. He argues that these records would demonstrate that he was unable to litigate for himself without counsel. [Id.].

The court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986). A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted). In deciding whether additional discovery is appropriate, courts have considered the following factors: whether trial is imminent; whether the request to reopen discovery is opposed; whether the non-moving party would be prejudiced; whether the moving party was diligent during the discovery period; the foreseeability of the request based on the time line set forth by the court; and the likelihood

that the discovery will lead to relevant evidence.  See Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987); Chester v. Adams Auto Wash, Inc., 2015 WL 9222893 at *2 (E.D.N.C. Dec. 17, 2015).

This case was closed well over a year ago.  The records that the Plaintiff seeks are irrelevant because they would not warrant reopening this case or any other relief, even if they verify the Plaintiff's assertions about lithium toxicity and lack of monitoring.  The Court notes that the Plaintiff is presently litigating the lithium monitoring and toxicity issues at BCDF in a separate § 1983 action in this Court, Civil Case No. 1:20-cv-00155-MR.  The Plaintiff will have the opportunity to seek the relevant medical records during discovery in that action, should the matter proceed to that stage.  Moreover, this litigation has already been protracted and drawing it out further would unduly burden the defense.  The Motion for Records is therefore denied.

## IV. CONCLUSION

For the reasons stated herein, the Court will deny the pending *pro se* Motions filed by Plaintiff.

**IT IS, THEREFORE, ORDERED** that Plaintiff's pro se "Motion Under Federal Rules of Civil Procedure Rule 60(b) (Newly Discovered Evidence)" [Doc. 234] and "Motion for Records" [Doc. 236] are **DENIED**.

**IT IS SO ORDERED.**

Signed: June 21, 2021

Martin Reidinger
Chief United States District Judge